IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff, | : | Case No. 2:08-CR-086 |
| v. | : | JUDGE SARGUS |
| MICHAEL RAY BRIDGES, | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion Requesting Credit for Time Served. (Doc. 126.) For the reasons that follow, the Court **DENIES** Defendant's Motion.

### I. Facts

Defendant, Michael Ray Bridges, brought this motion before the Court pursuant to 18 U.S.C. § 3585(b). Defendant was indicted in the instant case on May 6, 2008, with two counts of Distribution of Over 5 Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii); one count of Conspiracy to Distribute Over 5 Grams of Cocaine Base, in violation of 21 U.S.C. § 846; and one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). On that same day, the United States placed a detainer on Defendant who was already in the custody of the State of Georgia for kidnapping and child molestation charges.

Defendant remained in Georgia's custody until he was sentenced on September 29, 2010. The state imposed a sentence of two years imprisonment for two counts of false imprisonment. Defendant was given credit by the state court for the time served, and released to federal custody

1

pursuant to the detainer. On February 8, 2011, Defendant pled guilty in the instant case to one count of Conspiracy to Distribute Over 5 Grams of Cocaine Base, and one count of Unlawful Possession of a Firearm. On August 18, 2011, Defendant was sentenced by this Court to 75 months imprisonment on each count. The sentences were ordered to run concurrently. Defendant was given credit for time served.

## II. Analysis

Defendant has asked this Court to grant him full credit for time served while he was in state custody pursuant to 18 U.S.C. § 3585(b). (Doc. 126.) The proper avenue for Defendant to challenge the calculation or imposition of his sentence rests in a petition for writ of habeas corpus filed against the prison warden. *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). "A defendant convicted of a federal crime has a right under 18 U.S.C. §3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). However, it is the Attorney General and the Bureau of Prisons, not the district court, that computes the credit under 18 U.S.C. § 3585(b) when administering the sentence. *Id.* at 333-336. Therefore, this Court is not the proper venue to address the instant claims raised by Defendant.

Defendant has also asked this Court to give him credit for time served while in the custody of the State of Georgia. (Doc. 126.) Under 18 U.S.C. § 3585(b), a defendant cannot receive credit for time served that has already been applied to another sentence. In relevant part, 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody—a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or

2

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In the state case, Defendant was given two years credit for the time he was incarcerated prior to being sentenced. Because he received two years credit for time served in another sentence (*i.e.*, the state sentence), he is not entitled to the two year credit in the instant case pursuant to 18 U.S.C. § 3585(b) as he claims. Defendant may be entitled to some credit in this case for the time period he served in state custody beyond the two year sentence imposed in the Georgia case. However, as previously indicated, that issue needs to be addressed with the Bureau of Prisons.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Defendant's Motion Requesting Credit for Time Served. (Doc. 126.)

**IT IS SO ORDERED.**

2-27-2012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

3